IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| David Walker, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>City of Orem, et al.<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:02-CV-253 TS |

      This matter comes before the Court on Plaintiff's Motion for Continuance of Trial and for an Expedited Ruling, filed with this Court on September 17, 2007. Defendants oppose this motion and it has now been fully briefed. For the reasons discussed below, the Court will grant the Motion for Continuance of Trial at this time.

      The Court is to consider the following factors when deciding a motion to continue trial: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose of the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the

continuance; and (4) the need asserted for the continuance and the harm that the moving party might suffer as a result of the court's denial of the continuance.[1]

First, the Plaintiff has been diligent in preparing for trial. Plaintiff's counsel has met with opposing counsel in recent weeks in preparation for trial. Moreover, Plaintiff's counsel attempted to contact Mr. Bogardus for several weeks and upon learning of Mr. Bogardus' hospitalization, immediately notified the Court and opposing counsel. Thus this factor weighs in favor of granting the continuance.

Second, a continuance would allow Plaintiff's counsel to find a replacement expert witness on excessive force. Plaintiff asserts that an expert witness on excessive force is necessary to her case and that a replacement can be found if a continuance is granted.[2] Thus this factor also weighs in favor of granting the continuance.

Third, the Court recognizes that a seventh continuance is an inconvenience to all parties. All parties have been diligently preparing for trial and have expended considerable resources in anticipation of an October 2007 trial date. The Court also recognizes the great need for this trial to reach a resolution. Thus this factor weighs heavily in favor of denying the continuance.

Finally, it seems to the Court that denying the continuance and compelling Plaintiff to prosecute his case without an excessive force expert witness would be prejudicial and unfair, in light of the fact that Defendant Harold Peterson intends to call an use-of-force expert witness. Defendant Peterson's decision to call an expert witness on the use of force speaks to the importance of this issue in the outcome of this case. Requiring Plaintiff to dispense with his own

---

[1] *United States v. Wynne*, 993 F.2d 720, 767 (10th Cir. 1993).

[2] Pl.'s Mem. in Supp. for Cont. of Trial at 3-4 (Docket No. 237).

expert due to circumstances out of his control would be harmful to his case.  Thus this factor weighs in favor of granting the continuance.

Having considered these four factors, the Court finds they weigh in favor of granting a continuance.  Therefore, the Court will grant this motion.

The court will order the parties to appear at the time currently scheduled for a final pretrial conference set for September 24, 2007 to consider a new schedule.  It is therefore

ORDERED that the Motion for Continuance of Trial be GRANTED.

DATED   September 20, 2007

BY THE COURT:

_____
TED STEWART
United States District Judge