ALLAN L. LARSON (A1896)
ANDREW M. MORSE (A4498)
HEATHER S. WHITE (A7674)
SNOW, CHRISTENSEN & MARTINEAU
Attorneys for Defendant Harold Peterson
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah  84145-5000
Telephone:  (801) 521-9000

_____

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION
_____

| | |
|---|---|
| DAVID WALKER, DEBBIE WALKER, et al.<br><br>          Plaintiffs,<br>     vs.<br><br>CITY OF OREM, a Utah municipality, et al.,<br><br>          Defendants. | **MEMORANDUM IN SUPPORT OF HAROLD PETERSON'S MOTION IN LIMINE TO EXCLUDE DEBBIE WALKER'S HEARSAY STATEMENTS**<br><br>Case No. 2:02-CV-0253 ST<br>Judge Ted Stewart<br>Magistrate David O. Nuffer |

_____

## INTRODUCTION

During her deposition, Debbie Walker testified that on the afternoon of the shooting, Tandy Sleight (David Walker's soon to be ex-wife) told David Walker over the telephone that she was not going to allow him to see the parties' children over the Christmas holiday.  Debbie Walker further speculated that this conversation somehow affected David Walker's mood and led to his actions later that evening.  Because Debbie Walker was not a party to this conversation, however, the alleged statements constitute hearsay and are inadmissible under Federal Rule of Evidence 802.  The statements are further irrelevant to David Walker's actions at the time of his shooting and run a risk of misleading the jury into somehow providing a

justification for his actions. They are thus subject to further exclusion under Federal Rules of Evidence 402 and 403.

## ARGUMENT

Under Rules 801 and 802, an out-of-court statement "offered in evidence to prove the truth of the matter asserted" qualifies as hearsay and is inadmissible unless it meets one of specifically delineated exceptions to the hearsay rule. Fed. R. Evid. 801 and 802. Further, where the hearsay statement actually involves "hearsay within hearsay," also commonly referred to as double hearsay, each part of the combined statement must "conform[] with an exception to the hearsay rule" or is likewise subject to complete exclusion. Fed. R. Evid. 805.

Here, Ms. Sleight's alleged statement(s) to David Walker constitute the first level of hearsay. David Walker's repetition of Ms. Sleight's alleged statement(s) to Debbie Walker then constitutes the second level. If allowed, Debbie Walker will testify as to the substance of Ms. Sleight and David Walker's telephone conversation in order to prove the truth of the matter asserted—that Ms. Sleight would not allow David Walker to visit the parties' children. These statements thus qualify as double hearsay and are subject to exclusion.

In addition to the hearsay problems, it is further difficult to conceive how Ms. Sleight's alleged statements have any bearing whatsoever on David Walker's actions on the evening of his shooting. The alleged conversation took place hours before the shooting and any conceivable emotional difficulties resulting from that conversation does not justify stealing a vehicle, leading police on a long chase, and endangering Sergeant Peterson's life. The sole purpose of Debbie Walker offering this testimony would to be garnish some sort of sympathy for David Walker. The statements are therefore irrelevant to whether or not Sergeant Peterson's actions were

reasonable and run the risk of confusing the issues and misleading the jury. This Court should therefore exclude the hearsay statements from evidence.

## **CONCLUSION**

For the reasons set forth above, Sergeant Peterson respectfully request that the Court preclude Debbie Walker from testifying as to David Walker's telephone conversation with Ms. Sleight on the afternoon of the shooting.

DATED this  2nd  of October, 2007.

SNOW, CHRISTENSEN & MARTINEAU

/s/ Andrew M. Morse_____
Allan L. Larson
Andrew M. Morse
Heather S. White
Attorneys Defendant Harold Peterson

N:\13607\414\Other\hsw\Pleadings\Limine Memo (Hearsay).doc

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of October, 2007, I caused a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF HAROLD PETERSON'S MOTION IN LIMINE TO EXCLUDE DEBBIE WALKER'S HEARSAY STATEMENTS** to be served, *via electronically,* upon the following:

Lauren I. Scholnick
STRINDBERG & SCHOLNICK
44 Exchange Place
Salt Lake City, Utah 84111

Peter Stirba
Bret Rawson
STIRBA & HATHAWAY
215 South State Street, Suite #1150
Salt Lake City, Utah 84111

Brent Gordon
GORDON LAW FIRM, INC.
477 Shoup Ave, Suite 105
Idaho Falls, ID 83402

Marina B. Lowe
American Civil Liberties Union of Utah Foundation
355 North 300 West, Suite 1
Salt Lake City, UT 84103

Kathy Pickett
_____