IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID WALKER, et al., <br><br> Plaintiff, <br><br><br><br> vs. <br><br><br><br> CITY OF OREM, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION IN LIMINE TO PRECLUDE POLICY ARGUMENT IN FAVOR OF A CHANGE IN LAW <br><br><br><br><br><br> Case No. 2:02-CV-253 TS |

This matter is before the Court on Plaintiff's Motion in Limine to Preclude Policy Argument in Favor of a Change of Law. Although the Motion is styled as one to "preclude policy argument in favor of a change in law," what Plaintiff actually seeks to preclude is "Defendants from making policy arguments regarding the effect of a favorable jury award on future law enforcement conduct."[1] Plaintiff contends that Defendants may make an argument that a jury award against the Officers in this case would cause law enforcement to fail to react quickly in dangerous situations because of the

---

[1] Docket No. 256, at 1.

1

fear of a lawsuit. Plaintiff contends that such an argument would effectively cause the jury to ignore the law.

Defendant Peterson contends that a motion in limine should address evidence and not challenge argument. He also contends that it is not improper to argue any theory consistent with the law and supported by the evidence.

Of course "[i]t is the province of the district court to instruct the jury concerning the law applicable to a case, not that of the litigants' attorneys."[2] Further, the Court will instruct the jury that it is to make its determination based upon the evidence in *this* case and the law regarding liability and damages as explained by the Court.[3] As the standard to be applied by the jury involves assessing the reasonableness of the officer's conduct "from the perspective of a reasonable officer on the scene . . . [who] may be forced to make split-second judgments under stressful and dangerous conditions,"[4] argument on the application of that standard to the evidence is proper. But comment not supported by the law or evidence in this case would not be proper.[5]

---

[2] *Bales v. Uptergrove,* 5 Fed.Appx. 854, 856, 2001 WL 202034, *1 (10th Cir. 2001) (citing Fed. R. Civ. P. 51 and affirming trial court's sustaining objection to counsel's reference in closing argument to law not referenced in jury instructions).

[3] For example, the Court's stock instructions include the following: "Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. . . . You are to decide the case solely and exclusively on the evidence alone, except that you shall be guided at all times in your deliberation by the law as I instruct you."

[4] *Walker v. City of Orem,* 451 F.3d 1139, 1159 (10th Cir. 2006).

[5] *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1214 (11th Cir. 1993) (excessive force case noting trial court sustained objection and gave prompt curative instruction when plaintiff's counsel's closing argument improperly urged jury to "send a message" in light of Rodney King riots).

Argument, especially closing argument, may only be evaluated in the context of trial and the specific objection. Therefore, the Court will deny the Motion without prejudice to re-raising it in the context of trial. It is therefore

ORDERED that Plaintiff's Motion in Limine to Preclude Policy Argument in Favor of Change in Law (Docket No. 256) is DENIED WITHOUT PREJUDICE and the issue may be revisited at trial in the context of specific objection to specific argument or comment.

DATED October 4, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge