IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID WALKER, et al., <br><br> Plaintiff, <br><br><br> vs. <br><br><br> CITY OF OREM, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE REPORTS AND TESTIMONY <br><br><br><br><br> Case No. 2:02-CV-253 TS |

      This matter comes before the Court on Plaintiff's Motion in Limine to Exclude Reports and Testimony.[1] Defendant John Clayton filed a Motion In Limine Regarding the Admissibility of the Master Case Report and Utah County Attorney's Report.[2] Defendant Clayton also filed a Motion in Limine Regarding Testimony of Mr. Lamph,[3] which is included in the Master Case Report ("MCR"). These Motions deal with essentially the same subject matter, thus the Court will rule on all three in this Order.

---

[1] Docket No. 287.

[2] Docket No. 319.

[3] Docket No. 326.

1

Plaintiff argues that Pleasant Grove's Administrative Review Board Report, Orem's Administrative Investigation Report, and the Utah County Attorney's Opinion regarding the death of David Walker, as well as the testimony of Sergeant Monson, Detective Johnston, Lieutenant Hirst, Lieutenant Cullimore, Mr. Bryson and Mr. Larsen as related to those Reports and the Opinion are inadmissible under Rules 701, 803(8)(C) and 403 of the Federal Rules of Evidence. Defendants argue that the Master Case Report, Utah County Attorney's Opinion and the Report of the Pleasant Grove Police Department[4] are admissible under Rules 803(8) and 805.

The Tenth Circuit has held that "conclusions and opinions found in evaluative reports of public agencies" are admissible under Rule 803(8).[5] Here, the MCR and other reports were compiled by various agencies as part of their investigation into the shooting of David Walker. They contain factual summaries, conclusions and opinions regarding the behavior of the officers. The Court finds that these reports fit under the exception to hearsay in Rule 803(8) and are therefore admissible.

However, the Court considers the statement of Mr. Lamph contained within the MCR separately from the Reports and testimony of the officers and other agency employees.

Defendant's Motion anticipates Plaintiff's attempt to limit the testimony of Mr. Lamph that is included in the MCR. Plaintiff does not address Mr. Lamph's statement specifically but, as previously stated, argues against the admissibility of the entire MCR.

As previously stated, Rule 803(8)(C) is an exception to the hearsay rule that allows public records and reports to be admitted. Rule 803(1) excludes present sense impressions from the

---

[4]Referred to by Plaintiff as the "Pleasant Grove Administrative Review Board Report" in the corresponding Motion.

[5]*Perrin v. Anderson*, 784 F.2d 1040, 1047 (10th Cir. 1986).

hearsay rule, so long as the statement "describing or explaining an event or condition [is] made while the declarant was perceiving the event or condition, or immediately thereafter."[6] Moreover, under Rule 803, the availability of the declarant is immaterial.

Mr. Lamph's statement does not fit under the Rule 803(8)(C) exception. Were the Court to allow all statements included in a public record or report to be admitted, the exception would swallow the hearsay rule entirely as agencies would merely include any and all statements made in the course of an investigation in their reports. Rather, as outlined above, the conclusions and observations of investigators are admissible "findings" under the 803(8)(C) exception.

Mr. Lamph's statement does, however, fit under the 803(1) exception as a present sense impression made immediately after the declarant perceived the event. Mr. Lamph describes the incident in a statement taken at the scene of the incident, shortly after the shooting. Thus, Mr. Lamph's statements as part of the MCR are admissible.

As to the testimony regarding the Reports, the Court will reserve ruling on the admissibility of any such lay opinion testimony regarding the Reports or Opinion until trial. If such lay opinion testimony is offered, the Court will determine its admissibility based on the foundation laid at that time.

The Court intends to give a strong instruction to the jury that the reports in question were prepared by the various agencies, for their own purpose and that, as such, they should have no determinative effect on any issue in the case.[7] The Court would direct Plaintiff to draft a jury

---

[6] Fed. R. Evid. 803(1).

[7] *Perrin*, 784 F.2d at 1048 ("the district court instructed the jury that the report was an agency hearing of its own personnel and for its own purpose and was to have no determinative effect on any issue in the case.") (internal quotations omitted).

instruction regarding these reports and submit it to the Court on the morning of Tuesday, October 9, 2007, prior to the commencement of trial. Moreover, the Court notes that Plaintiff is entitled to explore all factors that would diminish the weight to be given to the reports. It is therefore

ORDERED that Plaintiff's Motion in Limine to Exclude Reports and Testimony (Docket No. 287) is DENIED. It is further

ORDERED that Defendants' Motion in Limine Regarding the Admissibility of the Master Case Report and Utah County Attorney's Report (Docket No. 319) is GRANTED. It is further

ORDERED that Defendants' Motion in Limine Regarding Testimony of Mr. Lamph (Docket No. 326) is GRANTED.

DATED   October 5, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge