IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID WALKER, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>OREM CITY, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE WALK-THROUGH VIDEO<br><br><br>Case No. 2:02-CV-253 TS |

After David Walker was shot, Utah County Sheriffs deputies videotaped Defendants Peterson and Clayton reconstructing what happened at the scene (the "walk-through video"). Plaintiff seeks to exclude the walk-through video because: (1) statements made on the video are hearsay; (2) the videotape does not accurately depict the scene at the time of the shooting; and (3) the videotape is of poor quality.

Defendants argue that the videotape was prepared as part of Utah County's investigation of the shooting and is therefore admissible under the business record exception to the hearsay rule pursuant to Fed.R.Evid. 803(6). Defendants also argue that the statements made on the tape are admissible under the excited utterance exception to the hearsay rule pursuant to Fed.R.Evid.

1

803(2) and the present sense impression exception under Fed.R.Evid. 803(1).  Defendants refute Plaintiff's assertion that the tape is of poor quality and asserts that the officers will testify that the videotape accurately depicts the lighting at the time of the shooting.  Defendants also state that the videotape is the best evidence depicting the scene as it was that night.

The Court will admit the videotape as a business record, so long as Defendants lay the proper foundation.  However, the Court will not allow the audio portions of the videotape to be played to the jury as they are hearsay.  Additionally, the Court does not believe that it is necessary for the entire videotape to be played to the jury and doing so would be unnecessarily cumulative.  Therefore, the parties are directed to confer with each other to edit the videotape to include only those portions which are necessary to visually depict the scene of the shooting, with the audio portions being removed.  A witness may then testify as to what is being shown on the videotape.  The Court believes that any concerns which Plaintiff may have as to accuracy of the tape in portraying the scene at the time of the shooting can be adequately addressed during cross-examination.

It is therefore

ORDERED that Plaintiff's Motion in Limine to Exclude the Walk-Through Video (Docket No. 267) is GRANTED IN PART AND DENIED IN PART.

DATED   October 5, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge