IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID WALKER, et al., <br><br> Plaintiff, <br><br><br> vs. <br><br><br> CITY OF OREM, et al., <br><br> Defendants. | ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE SUICIDE BY COP THEORY <br><br><br><br><br> Case No. 2:02-CV-253 TS |

This matter comes before the Court on Plaintiff's Motion in Limine to Exclude Suicide by Cop Theory.[1] Defendants Harold Peterson and John Clayton both filed Oppositions to this Motion.[2]

Plaintiff argues that Monson's testimony regarding his suicide by cop theory is irrelevant. Plaintiff further argues that Monson has not been qualified as an expert witness under Rule 702[3] and is therefore not permitted to testify regarding suicide by cop. Defendants argue that

---

[1] Docket No. 264.

[2] Docket Nos. 331 and 353, respectively.

[3] Fed. R. Evid. 702.

1

Monson's testimony regarding the suicide by cop theory is not expert testimony within the scope of 702 but rather proper lay witness testimony under Rule 701 of the Federal Rules of Evidence.

> Under Rule 701, if the witness is not testifying as an expert witness, the witness'
>
> testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.[4]

Rule 702 addresses expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Defendants cite *State v. Sylvester*[5] in support of their position that testimony by a police officer that is rationally based on the perception of the witness is not expert testimony.

The Court finds that with respect to Sergeant Monson, his testimony regarding suicide by cop would be impermissible expert testimony. Sergeant Monson has not been qualified as an expert on this theory. He acted as lead investigator in the case and based his conclusions on his expertise and "specialized knowledge" as an investigator, rather than his perception. Therefore, the Court will exclude testimony by Sergeant Monson regarding suicide by cop. The Court does not exclude testimony on this matter from other witnesses if the proper foundation is laid. It is therefore

---

[4] Fed. R. Evid. 701.

[5] 122 Wash. App. 1053, 2004 WL 1732471, at *3-4 (Wash. Ct. App.2004) (finding the testimony of a police officer regarding suicide by cop was not improper opinion testimony).

ORDERED that Plaintiff's Motion in Limine to Exclude Suicide By Cop Theory (Docket No. 264) is GRANTED with respect to Sergeant Monson.

DATED   October 5, 2007.

                    BY THE COURT:

                    _____
                    TED STEWART
                    United States District Judge