IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID WALKER, et al.,<br><br>    Plaintiffs,<br><br><br><br>vs.<br><br><br><br>OREM CITY, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANTS' SPECIFIC INSTANCES OF CONDUCT<br><br><br><br><br><br>Case No. 2:02-CV-253 TS |

      Plaintiff seeks to prevent Defendants from introducing two newspaper articles discussing a 1994 incident where Orem police officers, including Defendant Peterson, talked a man holding a pistol to his head into giving up his gun.  Plaintiff argues that this is improper character evidence which should be excluded.  Defendant Peterson argues that the evidence will not be introduced to show his good character.  Rather, Peterson asserts, the articles will be used to show his experience in dealing with suicidal suspects.  The Court will grant Plaintiff's Motion, but not on the grounds raised by Plaintiff.

1

As discussed above, the articles at issue describe a 1994 incident where Orem police officers talked a man who was holding a gun to his head to give up his gun. The articles do not mention Defendant Peterson. While Defendant Peterson argues that the articles show his experience dealing with suicidal individuals, he can testify as to his own experiences and training provided he lays the proper foundation. The articles are not necessary for this purpose. Thus, the articles are largely irrelevant. Further, any probative value is substantially outweighed by the potential that the articles would confuse the jury.[1]

It is therefore

ORDERED that Plaintiff's Motion in Limine to Exclude Evidence of Defendants' Specific Instances of Conduct (Docket No. 280) is GRANTED.

DATED   October 5, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[1] Fed.R.Evid. 403.