IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID WALKER,<br><br>　　Plaintiff,<br><br>vs.<br><br>CITY OF OREM, et al.,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT PETERSON'S MOTION IN LIMINE TO EXCLUDE DEBBIE WALKER'S HEARSAY STATEMENTS<br><br><br>Case No. 2:02-CV-253 TS |

　　This matter comes before the Court on Defendant Peterson's Motion in Limine to Exclude Debbie Walker's Hearsay Statements.[1]  Plaintiff filed an Opposition addressing this Motion.[2]

　　Defendant argues that Debbie Walker's ("Ms. Walker") testimony regarding a telephone conversation between her son, David Walker ("Walker"), and his wife is inadmissible hearsay under Rule 802 of the Federal Rules of Evidence.  Defendant also argues that the testimony is

---

[1]Docket No. 317.

[2]Docket No. 357 at 4.

1

also irrelevant and should be excluded under Rules 402 and 403. Plaintiff argues that because the statements are not being offered for their truth, they are not hearsay and are relevant to provide context for Walker's suicidal condition.

Rule 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."[3] Rule 802 states that hearsay is not admissible unless an exception applies.[4]

The statements made by Debbie Walker regarding the telephone conversation between Walker and his wife are not being offered for the truth of the matter asserted. Therefore, they are not hearsay. However, the Court finds that their probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. It is therefore

ORDERED that Defendant Peterson's Motion in Limine to Exclude Debbie Walker's Hearsay Statements (Docket No. 317) is GRANTED.

DATED   October 9, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[3] F.R.E. 801(c).

[4] F.R.E. 802.