IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID WALKER,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF OREM, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON DEFENDANT PETERSON'S MOTION IN LIMINE TO LIMIT WALKER FAMILY MEMBERS FROM REFERRING TO INSURANCE<br><br><br>Case No. 2:02-CV-253 TS |

    This matter comes before the Court on Defendant Peterson's Motion in Limine to Limit Walker Family Members from Referring to Insurance.[1] Plaintiff filed an Opposition addressing this Motion.[2]

    Defendant argues that evidence regarding insurance is inadmissible under Rule 411 of the Federal Rules of Evidence and that wrongdoing could be inferred with respect to him by reference to an insurance investigation. Plaintiff argues that under Rule 411, evidence regarding insurance is admissible for the purpose of proving bias or prejudice of a witness and if Defendant

---

[1] Docket No. 313.

[2] Docket No. 357 at 3.

1

calls the insurance investigator as a witness, Plaintiff will seek to introduce evidence of insurance to prove that witness' bias.

> Rule 411 states
>
> Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.[3]

In this case, the claims investigator interviewed the Walker family on behalf of Pleasant Grove City's insurance carrier. Pleasant Grove City has been dismissed from this case. Thus, the bar to insurance liability evidence in Rule 411 is not directly applicable here with respect to Defendant Peterson. Moreover, relevant evidence relating to insurance admitted for another purpose is admissible.

However, in this case, there are at least two avenues through which insurance testimony may potentially enter. First, the Walker family may refer to the insurance investigation in their testimony, as noted in Defendant's Motion.[4] Second, the Plaintiff may introduce insurance evidence if Peterson calls the insurance investigator as a witness.[5] Defendant Peterson has not listed the investigator as a witness. Thus, it appears to the Court that the only means of introducing insurance testimony would be through the statements of the Walker family. The Court finds that Rule 411 is designed to prevent inferences of liability in situations like the one at hand. Thus, the Court prohibits any reference to insurance by any witness. It is therefore

---

[3] Fed. R. Evid. 411.

[4] Def.'s Mot. in Limine (Docket No. 313 at 2).

[5] Pl.'s Opp. to Mots. in Limine at 3 (Docket No. 357).

ORDERED that Defendant Peterson's Motion in Limine to Limit Walker Family Members from Referring to Insurance (Docket No. 313) is GRANTED.

DATED   October 9, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge