IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID WALKER,<br><br>Plaintiff,<br><br><br><br>vs.<br><br>CITY OF OREM, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON MOTIONS RELATED TO DAMAGES<br><br><br><br>Case No. 2:02-CV-253 TS |

Plaintiff and Defendants have filed multiple Motions in Limine dealing with the issue of damages. The Court has elected to address these in this single Memorandum Decision and Order.

Defendants argue that because this action is brought under § 1983, only evidence and testimony relating to the Estate of Walker, not his friends and family, is admissible. Defendants further argue that testimony by the family and friends about injuries other than those sustained by Walker is irrelevant and would be highly prejudicial under Rules 402 and 403 of the Federal Rules of Evidence. Plaintiff contends in its Memorandum in Opposition to Motions in Limine[1]

---

[1]Docket No. 357.

("Opposition") that evidence and testimony from the family and friends of David Walker

("Walker") is necessary to establish damages to the Estate of Walker.

Rule 402 states that "[e]vidence which is not relevant is not admissible."[2]  Rule 403 states

that even relevant

> evidence may be excluded if its probative value is substantially outweighed by the
> danger of unfair prejudice, confusion of the issues, or misleading the jury, or by
> considerations of undue delay, waste of time, or needless presentation of
> cumulative evidence.[3]

"A § 1983 claim must be based upon the violation of a plaintiff's personal rights, and not

the rights of someone else."[4]  Damages for § 1983 claims

> would include medical and burial expenses, pain and suffering before death, loss
> of earnings based on the probable duration of the victim's life had not the injury
> occurred, the victim's loss of consortium, and other damages recognized in
> common law tort actions.[5]

Moreover, "[p]unitive damages are available in § 1983 actions."[6]  Punitive damages are available

only "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it

involves reckless or callous indifference to the federally protected rights of others."[7]

---

[2]F.R.E. 402.

[3]F.R.E. 403.

[4]*Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

[5]*Berry v. City of Muskogee*, 900 F.2d 1489, 1507 (10th Cir. 1990).

[6]*Joliver v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992) (citing *Smith v. Wade*, 461 U.S.
30, 35 (1983) (citations omitted)).

[7]*Id*.

"Loss of consortium damages are based on the recognition of a legally protected interest in personal relationships."[8]  Loss of consortium claims by children who have lost a parent or married persons who have lost a spouse are generally recognized.[9]  However, a majority of jurisdictions have declined to recognize a cause of action for loss of filial consortium, including Utah.[10]  Therefore, loss of filial consortium damages are not available to the Estate of David Walker.

The Court finds that testimony from the family and friends of Walker who may be called at witnesses at trial may only relate to damages available to Walker himself.  These include (1) medical and burial expenses; (2) pain and suffering; (3) loss of earnings; (4) victim's loss of consortium; and (5) other damages recognized in common law tort actions.  Plaintiff's economic damages claims against Defendant Peterson have been dismissed (Docket No. 161).  Thus, with respect to Defendant Peterson, Plaintiff may recover for Walker's damages related to pain and suffering before his death, Walker's loss of consortium and other damages Walker may be entitled to in tort, such as nominal and punitive damages.  With respect to Defendant Clayton, all damages available in a § 1983 action are still available.

With respect to Plaintiff's Motion in Limine to Allow Testimony of David Andrew Walker (Docket No. 260), the Court will deny the motion.  The testimony offered by David Andrew Walker regarding the life experiences that Walker missed because he was dead appears

---

[8]*Boucher v. Dixie Med. Center*, 850 P.2d 1179, 1183 (10th Cir. 1992) (citing *Hackford v. Utah Power and Light Co.*, 740 P.2d 1281, 1284 (Utah 1987)).

[9]*See Hackford*, 740 P.2d at 1288 (J. Howe, concurring).

[10]*Boucher*, 850 P.2d at 1183.

to relate to filial consortium.  Plaintiff states several times in its Opposition that testimony will be confined to damages related to the Estate of Walker.  Defendant Clayton also filed an Opposition to Plaintiff's Motion in Limine to Allow Testimony of David Andrew Walker (Docket No. 349).  He stated that if testimony relating to Walker's loss of consortium and loss of life is admitted, then mitigating character evidence is also admissible.  The Court will not allow testimony unrelated to the issues set out in *Berry*.   The Court admonishes Plaintiff and Defendants to carefully limit testimony to this subject.  Defendants are free to object as testimony comes up in the context of trial.

Defendant Clayton also filed a Motion in Limine Regarding Testimony of David Andrew Walker (Docket No. 290).  For the reasons discussed above, the motion is granted as to any aspect of filial consortium.

With respect to Defendant Clayton's Motion in Limine to Exclude David Walker's Photos and Scrapbook Items (Docket No. 302), the Court will grant the motion for the reasons discussed regarding the testimony of David Andrew Walker.

With respect to Defendant Peterson's Motion in Limine Regarding Plaintiff's Proposed Witnesses (Docket No. 278), the Court will allow testimony from witnesses that addresses the damage issues outlined above.  Thus, the Court will grant the motion in part and deny in part.

With respect to Defendant Clayton's Motion in Limine Regarding Relevant Evidence Relating to the Possible Damages to the Estate of David Walker (Docket No. 294) and Defendant Clayton's Motion in Limine Regarding Testimony of Debbie Walker (Docket No. 300), Plaintiff states that the Debbie Walker and the Walker family are going not going to testify regarding their

injuries, but rather about their efforts to comfort and assist Walker.[11]  The Court will allow testimony to the extent it pertains to the issue of damages to David Walker, for his pain and suffering. The Court will deny Defendant's motion as testimony regarding such damages to the Estate of David Walker is relevant.

With respect to Defendant Peterson's Motion in Limine to Preclude Walker Family Members from Testifying About Post-Shooting Interactions with Police (Docket No. 315), the Walker family's interactions with police after the shooting are not relevant to the damages sustained by Walker.  The Court will grant this motion.

With respect to Defendant Peterson's Motion in Limine to Preclude Debbie Walker from Testifying as to Claims Regarding Personal Injuries (Docket No. 325), Plaintiff does not address this Motion specifically in her Opposition.  Nor does Plaintiff refer to Ms. Walker's testimony regarding her injuries in any other motion before the Court.  All claims by Ms. Walker have been dismissed previously, thus, testimony regarding her injuries is irrelevant to the issues before the Court.  Based on the reasoning above and the local rule allowing the court to grant motions not responded to,[12] the Court will grant this motion.

With respect to Defendant Peterson's Motion in Limine to Preclude Debbie Walker from Testifying as to Whether Police Administered CPR (Docket No. 320), Plaintiff agrees to lay

---

[11]Pl.'s Mem. in Opp. to Mot. in Limine (Docket No. 357) at 5.

[12]DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice.")

adequate foundation for Ms. Walker's testimony with respect the damages to the Estate of Walker.  The Court will consider the matter in the context of the trial.

With respect to Defendant Peterson's Motion in Limine Regarding Damages (Docket No. 310), Defendant argues that punitive damages have not been pleaded and that economic damages with respect to Defendant Peterson have been waived.  As discussed above, economic damages with respect to Defendant Peterson have been waived.  Thus, evidence regarding economic damages against Defendant Peterson is inadmissible.  All economic damages are available as against Defendant Clayton.

With respect to punitive damages, the Complaint states

> Peterson's use of deadly force against David Walker was either done negligently, intentionally, or was manifesting a reckless, calloused, malicious, and/or deliberate indifference to the protections federal and state law afforded. . .[13]

The Court finds that punitive damages were sufficiently pleaded under Rule 8(a) of the Federal Rules of Civil Procedure and are available if the Plaintiff is able to meet the standard for awarding punitives as discussed above.  Therefore, evidence regarding punitive damages may be introduced.  Thus, this motion is granted in part and denied in part.

The Court encourages parties to confer regarding jury instructions in light of these rulings on the issue of damages.  It is therefore

ORDERED that Plaintiff's Motion in Limine to Allow Testimony of David Andrew Walker (Docket No. 260) is DENIED.  It is further

---

[13]Compl. at 13-14 (Docket No. 1).

ORDERED that Defendant Clayton's Motion in Limine Regarding Testimony of David Andrew Walker (Docket No. 290) is GRANTED as it relates to any aspect of filial consortium. It is further

ORDERED that Defendant Clayton's Motion in Limine to Exclude David Walker's Photos and Scrapbook Items (Docket No. 302) is GRANTED.  It is further

ORDERED that Defendant Peterson's Motion in Limine Regarding Plaintiff's Proposed Witnesses (Docket No. 278) is DENIED in part and GRANTED in part.  It is further

ORDERED that Defendant Clayton's Motion in Limine Regarding Relevant Evidence Relating to the Possible Damages to the Estate of David Walker (Docket No. 294) is DENIED. It is further

ORDERED that Defendant Clayton's Motion in Limine Regarding Testimony of Debbie Walker (Docket No. 300) is DENIED.  It is further

ORDERED that Defendant Peterson's Motion in Limine to Preclude Walker Family Members from Testifying About Post-Shooting Interactions with Police (Docket No. 315) is GRANTED.  It is further

ORDERED that Defendant Peterson's Motion in Limine to Preclude Debbie Walker from Testifying as to Claims Regarding Personal Injuries (Docket No. 325) is GRANTED.  It is further

ORDERED that Defendant Peterson's Motion in Limine to Preclude Debbie Walker from Testifying as to Whether Police Administered CPR (Docket No. 320) is DENIED but will be revisited during trial.  It is further

7

ORDERED that Defendant Peterson's Motion in Limine Regarding Damages (Docket No. 310) is GRANTED in part and DENIED in part.  It is further

ORDERED that the Motion in Limine to Exclude Claims for Punitive Damages is (Docket No. 388) is DENIED.

DATED   October 9, 2007.

BY THE COURT:


_____
TED STEWART
United States District Judge