IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID WALKER,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF OREM, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION, OR IN THE ALTERNATIVE FOR RECONSIDERATION<br><br><br>Case No. 2:02-CV-253 TS |

Plaintiff seeks clarification or reconsideration of the portion of the Court's Memorandum Decision and Order on Motions Related to Damages[1] that prohibited the introduction of the testimony of David Walker's son and the son's photographs and scrapbook insofar as it relates to the estate's claim for damages based upon David Walker's loss of filial consortium as a result of his

---

[1]Docket No. 393.

1

death. Plaintiff contends that such evidence is admissible under *Berry v. City of Muskogee*,[2] under Utah's wrongful death statutes, and under such cases as the Sixth Circuit's *Tinch v. City of Dayton*.[3]

Defendant Clayton opposes the Motion on the ground that such loss of filial consortium could only be shown by expert evidence and that such claim is really an impermissible claim for losses by family members. Defendant Clayton further argues that if such evidence were admitted, that he must be allowed to contradict the evidence with evidence relating to the nature of David Walker's actual relationship with his child including his convictions, drug use, jail time, and protective orders.

Defendant Peterson opposes the Motion on the ground that it is speculative to assume David Walker would have been involved in his son's life given the actual circumstances of David Walker's life, include his incarcerations, drug use, depression, and the break up the family. Defendant Peterson also contends that under *Perrin v. Anderson*,[4] if the son's testimony and evidence is allowed that rebuttal testimony should be allowed to show that David Walker was not a good father.

In denying any claim for loss of filial consortium, the Court was not called upon to determine the issue as a matter of first impression. Instead, it is directed by *Berry* to look to the level of damages derived from the common law of torts: "when § 1983 plaintiffs seek damages for violations of consttitutional rights, the level of damages is ordinarily determined accordingly to

---

[2] 900 F.2d 1489 (10th Cir. 1990).

[3] 77 F.3d 483, 1996 WL 77445 (10th Cir. 1996).

[4] 784 F.2d 1040 (10th Cir. 1986). The Court notes that the claim at issue in *Perrin* was the son's claim for damages, not the decedent father's estate's claim for damages due to his post mortem loss of filial consortium with his son. As discussed below, this case does not involve any claim by the son.

principles derived from the common law of torts." The Tenth Circuit has rejected the argument that state law should be applied. Thus, cases such as *Tinch*, which apply state law as the measure of damages are inapposite.[5] Similarly, Utah's wrongful death statutes are not applicable.

Looking to the common law of torts, loss of filial consortium is not permitted. Plaintiff is correct that the *Boucher*[6] case cited by the Court involved a claim for loss of filial consortium of an adult child. However, it also stated the applicable rule under the common law that there was no claim for loss of filial consortium except as a parent's "right to his minor children's services" and "obligation to pay his minor children's medical expenses."[7] This is the common law rule that the Court must apply.[8] As discussed in previous rulings, family members such as David Walker's son do not have claims under § 1983 in this case.[9] Under *Berry*, the Estate of David Walker does not have a claim for damages under § 1983 for his loss of filial consortium with his son in the sense of loss of the enjoyment of his son's companionship, and society because such a claim was not available under common law. Accordingly, the Court will not reconsider and change its prior ruling.

---

[5] 1996 WL 77445, *2 (§ 1983 case partially reversing award of damages for decedent's post mortem loss of enjoyment of life because such Ohio law did not support such recovery).

[6] *Boucher v. Dixie Med. Center*, 850 P.2d 1179, 1183 (10th Cir. 1992).

[7] *Id*. at 1183.

[8] *E.g. Doe v. Greenville County School District*, ___ S.E.2d __, 2007 WL 215751 (S.C. 2007) (stating common law rule that claims for filial consortium did not include intangible losses fo aid, companionship, and society which have traditionally defined loss of spousal consortium claims).

[9] Damages Order at 2 (citing *See Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).)("A § 1983 claim must be based upon the violation of a plaintiff's personal rights, and not the rights of someone else.").

The Court notes that if such a claim were available, Defendants are correct that if evidence of loss of consortium, in the sense of David Walker's loss of the filial consortium of his child, were permitted, Defendants would have to be allowed to fully explore the measure of such claim, including by evidence of the nature of the David Walker's relationship with his child, and his availability to care for and bond with the child.[10]

It is therefore

ORDERED that Plaintiff's Motion for Clarification, or in the Alternative for Reconsideration (Docket No. 403) is DENIED.

DATED   October 11, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[10] *E.g. Leonard v. St. Claire Medical Center Inc.*, 2007 WL 625074, *2 (Ky. App. 2007) (holding such evidence is a legitimate areas of inquiry in the "notoriously difficult" area of attempting to assign a monetary value to a claim for loss of consortium with a child).