IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID WALKER, et al.<br><br>Plaintiffs,<br><br><br><br>vs.<br><br><br>CITY OF OREM, et al.<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT PETERSON'S MOTION TO SUBMIT SPECIAL INTERROGATORIES TO JURY AND FOR COURT TO DETERMINE QUALIFIED IMMUNITY DEFENSE IF NECESSARY<br><br><br><br><br>Case No. 2:02-CV-253 TS |

Defendant Peterson has requested the Court submit certain interrogatories to the jury[1] in order to allow the jury to resolve certain factual issues. The Court indicated during trial that it does not intend to submit the interrogatories to the jury. Defendant Peterson has now filed this Motion. For the reasons stated below, the Court will deny the Motion.

---

[1]Docket No. 341.

1

As an initial matter, Defendant appears to be under the misapprehension that the Court intends to send the issue of qualified immunity to the jury. On the contrary, the Court intends to send the issue of the Defendants' objective reasonableness to the jury, not the issue of qualified immunity.[2] The Tenth Circuit allows the question of objective reasonableness to go to the jury. In *Maestas v. Lujan*,[3] the court stated

> [i]n short, the disputed issues of material fact concerning the objective reasonableness of [the defendant's] actions are dispositive of the qualified immunity issue. Further, as stated above, [the defendant] retained the defense of immunity from liability even though the jury was needed to resolve issues of objective reasonableness. Therefore, the district court properly presented the reasonableness element of the qualified immunity analysis to the jury.[4]

The approach in *Meastas*, was recently reaffirmed in *Trujillo v. Large*.[5] In *Trujillo*, the Tenth Circuit stated that

> [t]he court is to determine the legal questions of whether the plaintiff's claim asserts a violation of a constitutional right and whether the right was clearly established at the time. The jury should determine the defendant's objective reasonableness where the question depends on whose versions of the facts are believed.[6]

Defendant Peterson relies primarily on Eleventh Circuit of *Johnson v. Breeden*.[7] In *Johnson*, the court stated that "[a] tool used to apportion the jury and court functions relating to

---

[2] *See* Jury Instruction 23.

[3] 351 F.3d 1001 (10th Cir. 2003).

[4] *Id*. at 1010 (citation omitted).

[5] 165 Fed.Appx. 619 (10th Cir. 2006) (unpublished opinion).

[6] *Id*. at 621 (citation omitted).

[7] *Johnson v. Breeden*, 280 F.3d 1308 (11th Cir. 2002).

qualified immunity issues in cases that go to trial is special interrogatories to the jury."[8]  In *Johnson*, the court held that it was not error for the trial court to refuse to send numerous interrogatories to the jury because the answers to those interrogatories were implicit in the jury's verdict.[9]  The court found that "the answer to each requested special interrogatory was either covered by the verdict and jury findings, or it was irrelevant to the qualified immunity issue in light of the verdict and jury findings."[10]  Similarly here, all of the factual issues contained in the interrogatories requested by Defendant Peterson are inherent in the jury's ultimate verdict.  Thus, there is no reason to send them to the jury.

For these reasons, the Court will deny Plaintiff's Motion and will not allow the interrogatories to go to the jury.

It is therefore

ORDERED that Defendant Peterson's Motion to Submit Special Interrogatories to Jury and for Court to Determine Qualified Immunity Defense if Necessary (Docket No. 442) is DENIED.

DATED   October 17, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[8]*Id*. at 1318.

[9]*Id*. at 1323.

[10]*Id*.